UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONALD ODELLE PERKINS; RONALD ODDELLE PERKINS ESTATE; KANIKA GLOVER ESTATE; NEOMI REIGN MICHELE PERKINS ESTATE; SHIANN JEWELL CURRIE,<br><br>                    Plaintiffs,<br><br>          -against-<br><br>MERRICK GARLAND, ET AL.,<br><br>                    Defendants. | 24-CV-0766 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Ronald Perkins, who resides in Florissant, Missouri, appears *pro se*.[1] He describes himself as a "Moor beneficiary Noble, Emperor, God, a Master Mason, Merchant, Admiral, Piloter, Seaman, Mariner, Shereef, Consul, High Priest, Ambassador at Large *in Propria Personam Sui Juris*, *majoris aetatis suae*." (ECF 1 at 17.) Plaintiff sues more than 150 defendants, including government officials, judges, police officials, and well-known philanthropists and chief executive officers, almost none of whom are alleged to reside in this district.[2] Numerous plaintiffs have filed complaints in this court in a substantially identical format, all of which refer to the court as the "Ecclesiastical High Courts of Chancery," and reference a "Master Bill of Lading Ship Manifestation (Non-Negotiable)" and various treaties

---

[1] Only Ronald Perkins has signed the complaint. A non-attorney cannot represent another. *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause."). Plaintiff does not indicate that he is an attorney, and the Court therefore refers to Ronald Perkins as the sole Plaintiff.

[2] Because of the burden on the clerk of court of listing the names of each of the more than 150 defendants in this action on the docket, the Court directs that this matter be captioned as *In re Ronald Odelle Perkins*, without the name of each defendant.

(the "Treaty of Tripoli 1796-Article X," the "Treaty of Algiers 1795 Article XV," and the "Treaty of Tunis 1824").[3] The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

---

[3] In each of these similar cases, the Court directed the plaintiff to pay the fee or submit an *in forma pauperis* (IFP) application, and the plaintiff filed an improper interlocutory appeal from that non-final order. *See, e.g.*, *Motley v. JaNae Rocquel Motley Est.*, No. 23-CV-10268 (LTS) (S.D.N.Y.) (interlocutory appeal pending from nonfinal order regarding fee); *Scamp v. Higgins Fam. Tr.*, No. 23-CV-1418 (LTS) (S.D.N.Y. Mar. 27, 2023) (disregarding improper interlocutory appeal and dismissing complaint for failure to pay fee or submit IFP application); *Stepherson v. Haaland*, No. 22-CV-9202 (LTS) (S.D.N.Y. Nov. 10, 2022) (same); *Parker v. Haaland*, No. 22-CV-8107 (LTS) (S.D.N.Y. Dec. 15, 2022) (improper interlocutory appeal of deficiency order filed *before* court directed plaintiff to pay fee or submit IFP application). Plaintiff has not submitted an IFP application or paid the fee and, in addition to the fact that the Court finds this action to be frivolous, the failure to comply with filing fee requirements is another basis for dismissal.

Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

A frivolous claim is one "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

Here, Plaintiff alleges the following in the complaint:

This court has jurisdiction and the claimant/suitor/libellant does hereby grant all subject matter jurisdiction to this district court of the united states for the southern district of new york and hereby invoke, require, give a signal or pass to an Article III judge/chancellor/special master special term who is competent and impartial to handle this special cause de novo ex parte in this port of entry, under the original equal justice being rendered in the admiralty and maritime jurisdiction by nature law of nations, and this court also have original and exclusive jurisdiction when it comes to matters dealing with two or more states to all Cases affecting Ambassadors, other public ministers and Consuls;-to all Cases of admiralty and maritime Jurisdiction;-to Controversies to which the United States shall be a Party conferred by Treaty of 1787 Marrakech ARTICLE II, XXI.; 1781 Articles of Confederation Article VI, IX, XII, XIII ; 1789 constitution of the united states of america in congress assembled, ARTICLE III §2. §§1., and ARTICLE VI. §1., §2. and §3 and §3, Article 1 section 8 clause 10 and clause 17; the Judiciary Act of 1789 1 stat 73 §9. and §11 and §16, §20,§22,§25,§26, §30,§32;; and the Treaty of Tunis 1824 ARTICLE XII., to the exclusion of all other quasi-in rem, colorable admiralty and maritime modes and letters of marque/reprisal "Acts of War" proceedings, to adjudge this matter. In tender of sufficient consideration whereof, and forasmuch as your orator is remediless in the premises at and by the direct and strict rules of the common law, and cannot have adequate relief save only in a Court of Equal justice being rendered in admiralty and maritime by nature, where equal Justice can be rendered and where matters of this and a similar nature are properly cognizable and restorable. Citing Chancellor Henry R. Gibson. I convey

to this cause the basis of the inherent exclusive equitable jurisdiction that your Honor shall dispense . . .

(ECF 1 at 19.)[4]

Plaintiff describes his "statement of the cause" as follows:

The primary subject matter issue of the libellant 's speciali causa (special cause) is for full restoration against the destruction of rights in contravention born of from trespasses upon the stipulations of maritime treaties including, but not limited to: 1. Detaining, molesting, interrupting his ability to pass and repass or otherwise impeding libellant's free ingress and regress to and from. 2. Blocking, clogging, or prohibiting her private enjoyment, use, possession, and benefit of his lands, tenements, goods and chattels, reputation, labor and senses. 3. Collecting any kind of rent tribute or tax from them and otherwise exercise her functions of rule over them. 4. Interrupt or destroy libellants reputation, right to goods and chattels, credits, liberties, and his labor, or call upon libelants for indemnity or satisfaction, on behalf of another ,"under legal compulsion." 5. Subject Libellant's "under legal compulsion" to any statutes, codes, ordinances, provisions, prohibitions, and penalties, have been heavily prejudiced by the presumption that the libellant was a citizen of the united states for the district of columbia, or Citizen of the united states of america in congress assembled," and subject to their laws. 6. Treating libellant as a belligerent and national of a designated enemy country . . .

(*Id*. at 47.)

Plaintiff seeks relief, including but not limited to the following:

Acknowledgement of perkins, ronald oddelle a people called Moor beneficiary, as sole exclusive heir to the same subject matter the Name and Estate of "RONALD ODDELLE PERKINS" establishing my equitable maritime rights, powers and relation to said estate; to the private enjoyment, use, possession, and benefit of all property attachments including, but not limited to, all rents, credits emitted, monies borrowed, assets, lands, acquisitions, proceeds, profits, houses, goods and chattels, rights and credits, his person, his wife and minor offspring, his right to work and trade, to sell and acquire property, to engage in lawful business without restriction, to pass and repass among the Christians and Jews, being perfectly secure in his person and property, and his and their reputation, health and capacity to labor; b. That the libellant be restored all assets including, but not limited to, credits emitted, monies borrowed, rents, assets, lands, proceeds, titles, interests, issues, derivatives, derivations, equitable lien attachments and collaterals, be accounted for, and other rights he sues for, or right, title or interest that he is entitled to claim. c. That the Claimant, perkins, ronald oddelle, is "in fact" a private people called Moor, americas aboriginal missourian national territory of

---

[4] All spelling and punctuation in the quoted material in this order is from the original.

> France, and Subject of the Al Maroc Shereefian Empire, "but not a citizen of the united states for the district of columbia, nor a Citizen of the united states of america in congress assembled;" and that she shall be treated as friendly, amicus curiae, respected, esteemed and as that of the most favored Nation; and that due process and equal Justice shall be rendered in the exclusive admiralty and maritime jurisdiction by nature towards him in all disputes; d. Decree protection of all rights to subrogation of the equitable surety involving the subject matter obligation/debts; e. Exoneration from all liability as secondarily liable to the Estate; and shall "not" be called upon for indemnity or satisfaction on behalf of another . . . .

(*Id.* at 49.)

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's complaint can be dismissed as frivolous because there is no factual predicate or legal theory on which he may rely to state a claim upon which relief may be granted. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. For example, Plaintiff lists his estate as a party to this action, though he is not deceased, and this and other elements of the complaint appear to relate to the "redemptionist" position that he is the "inheritor" of his own physical body.[5] *See, e.g., Moorish Sci. Temple of Am. 4th & 5th Generation v. Superior Ct. of New Jersey*, No. 11-CV-7418 (RBK), 2012 WL 123405, at *5 (D.N.J. Jan. 12, 2012) ("Chester R. Jenkins, Jr.'s estate is a figment of his imagination, resulting from his position that, upon becoming a redemptionist, he became 'deceased' and 'inherited' his physical body . . . ."); *Muhammad v. Smith*, No. 3:13-CV-760, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) ("Theories presented by redemptionist . . . adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources."). Moreover, courts have recognized that "a litigant's reliance on any Barbary Treaty, including on the Treaty with Morocco, for the purposes of a civil suit raising

---

[5] The complaint is also signed by two "witnesses," Shiann Curry and Kanika Glover, who therefore also do not appear to be deceased, although their estates are listed as plaintiffs in the caption.

claims based on the events that occurred within what is the United States' geographical territory is facially frivolous." *Bey v. City of Rochester*, No. 11-CV-6457, 2012 WL 1565636, at *7 (W.D.N.Y. Apr. 30, 2012) (dismissing claims relying on the Marrakech Treaty of Peace and Friendship from 1787). Plaintiff's reliance on the "Treaty of Algiers 1795 Article XV," the "Treaty of Marrakech," the "Treaty of Tripoli 1796-Article X," and the "Treaty of Tunis 1824" for his claims arising in the United States is also frivolous. Accordingly, the Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court directs that this matter be captioned as *In re Ronald Odelle Perkins*, without the name of each defendant. Plaintiff's complaint is dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:  March 18, 2024
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge